**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4413**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER DONNELL BROWN, a/k/a Stymie, a/k/a Stimey,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:17-cr-00350-JFA-1)

Submitted:  March 12, 2020                                    Decided:  March 16, 2020

Before KING, KEENAN, and FLOYD, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Howard W. Anderson III, LAW OFFICE OF HOWARD W. ANDERSON III, LLC, Pendleton, South Carolina, for Appellant.  William Kenneth Witherspoon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Donnell Brown appeals his conviction and 262-month sentence imposed following his guilty plea to possession with intent to distribute and distribution of cocaine base. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), acknowledging that Brown knowingly and voluntarily waived his right to appeal. Brown filed a pro se supplemental brief asserting irregularities in the grand jury proceedings, challenging his conviction and sentence, alleging prosecutorial misconduct, and asserting that counsel provided ineffective assistance. The Government has moved to dismiss the appeal as barred by Brown's waiver of the right to appeal included in the plea agreement. We dismiss in part and affirm in part.

Brown's waiver of appellate rights does not prevent him from challenging the validity of the plea itself. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir.), *cert. denied*, 139 S. Ct. 494 (2018). We therefore deny in part the Government's motion to dismiss and review Brown's challenge to the adequacy of the plea colloquy for plain error. *See United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016) (reviewing Fed. R. Crim. P. 11 hearing for plain error where defendant failed to move to withdraw guilty plea). Upon review of the plea agreement and the transcript of the change of plea hearing, we conclude that the district court fully complied with Rule 11, that Brown knowingly and voluntarily pled guilty, and that a factual basis supported the plea. *See* Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

We review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). We generally will enforce a waiver if it is valid and the

issue being appealed falls within the scope of the waiver. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). A defendant's waiver is valid if he "knowingly and intelligently agreed to it." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). After review of the plea agreement and the transcript of the change of plea hearing, we conclude that Brown knowingly and voluntarily waived his right to appeal his conviction and sentence, except as to claims of ineffective assistance of counsel, prosecutorial misconduct, and future changes in law that affect his sentence. Thus, we conclude that the waiver is valid and enforceable.

Brown's claims of prosecutorial misconduct fall outside the scope of the waiver. Our review of the record reveals no evidence of prosecutorial misconduct. *See United States v. Chavez*, 894 F.3d 593, 602 (4th Cir.) (providing standard), *cert. denied*, 139 S. Ct. 278 (2018). Additionally, to the extent that Brown challenges the admission of certain evidence before the grand jury, this claim was waived by his guilty plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Brown's challenges to counsel's performance also fall outside the appeal waiver. However, because ineffective assistance of counsel does not conclusively appear on the face of the record, *see United States v. Baldovinos*, 434 F.3d 233, 239 (4th Cir. 2006), we decline to address these claims on direct appeal. *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008). Instead, these claims should be pursued, if at all, in a motion brought pursuant to 28 U.S.C. § 2255 (2012), to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

In accordance with *Anders*, we have reviewed the entire record for any unwaived, meritorious issues for appeal and have found none. Accordingly, we grant the Government's motion to dismiss the appeal, in part, and dismiss Brown's challenge to his sentence and any other waived issues. We deny the motion as to any unwaived issues and therefore we affirm the district court's judgment in part. This court requires that counsel inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*